## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KARRIE LOCHER, LLC | Civil Action No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| TUAN LINH LE, | **(JURY TRIAL DEMANDED)** |
| Defendant. | |

Plaintiff Karrie Locher, LLC ("Plaintiff"), for its Complaint against defendant Tuan Linh Le ("Defendant"), alleges as follows:

### PARTIES

1.      Plaintiff Karrie Locher, LLC is engaged in the design, marketing, and sale of KARRIE LOCHER™ branded merchandise. Karrie Locher, LLC is a company of Missouri, located and doing business at 17640 Gardenview Manor Cir., Wildwood, MO 63038.

2.      On information and belief, Defendant Tuan Linh Le is an individual with an address at 3165 E49th Ave., Vancouver, British Columbia, V5S IL2, Canada.

3.      On information and belief, Defendant operates the Etsy store "RosyGift Art", where Defendant markets, distributes, and sells clothing including t-shirts in the United States, including within this District through the website https://www.etsy.com/shop/RosyGiftArt?page=1#items. A t-shirt listing for sale via the RosyGift Art Etsy store is the subject matter of this action.

### JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a), in that this case arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq., and the copyright laws of the United States, 17 U.S.C. §§ 101 et seq.

5.     This Court has pendant jurisdiction under 28 U.S.C. §§ 1367 and 1338(b), in that this case arises under claims joined with a substantial and related claim under the copyright and trademark laws of the United States.

6.     This court has personal jurisdiction over Defendant pursuant to 17 USC § 512(g)(3)(D), in that Defendant consented to the jurisdiction of a Federal District Court for any judicial district in which the service provider may be found.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391because Defendant is subject to personal jurisdiction in this state, is a non-resident of the United States, and upon information and belief, has engaged in, and continues to engage in, acts of advertising and offering for sale of retail goods to consumers located within this District.

## **FACTUAL ALLEGATIONS**

8.     Karrie Locher is a postpartum nurse, social media personality, and leading educator in the fields of motherhood, babies, postpartum care, and infant care. She has been featured in major news outlets including Good Morning America, the Washington Post, and St. Louis Magazine, and her Instagram account @karrie_locher boasts nearly 500,000 followers, and her KARING FOR POSTPARTUM™ courses have instructed thousands of new moms.

9.     At the request of her followers, in early 2022, Karrie Locher began the process of designing merchandise designed for mothers and infants. Plaintiff has since designed, marketed, and sold KARRIE LOCHER™ branded merchandise. Plaintiff has sold thousands of clothing items, and her "merch launches" have been incredibly successful. For example, Plaintiff has completely sold out every item it has listed for sale on its website within minutes.

10.     Plaintiff owns exclusive copyright rights in the separable graphic works incorporated in Plaintiff's clothing designs, and the trademark KARRIE LOCHER™, as shown on its true Internet website located at https://karrielocher.com/ and sub-domains thereof and its true Instagram account @karrie_locher.

11.     In particular, Plaintiff created the separable original work known as the Cool Mom Design, which Plaintiff applied to KARRIE LOCHER™ branded clothing offered for sale on its website.

12.     On information and belief, Defendant is the proprietor of the Etsy shop "RosyGift

Art", where Defendant markets, distributes, and sells clothing including t-shirts at https://www.etsy.com/shop/RosyGiftArt?page=1#items.

13. One of Defendant's store listings in its RosyGift Art shop, titled "Cool Mom T-Shirt Karrie Locher Merch", purports to sell Plaintiff's genuine products in an apparent effort to surreptitiously sell knock-off products that infringe Plaintiff's copyright protected designs and trademarks, and/or to defraud customers. https://www.etsy.com/listing/1219700339/cool-mom-t-shirt-karrie-locher-merch. This listing ("Infringing Listing") is the subject matter of this action.

14. The Infringing Listing is for a clothing design that bears an exact copy of the original Cool Mom Design created by Plaintiff, sold on Plaintiff's goods, and protected by copyright.

15. Further, the Infringing Listing is also titled "Cool Mom T-Shirt **Karrie Locher** Merch" (emphasis added), an infringement of Plaintiff's KARRIE LOCHER™ name, tradename, and trademark.

16. The combination of these facts is evidence of willful, intentional, and blatant infringement and is actionable under the law. Defendant cannot claim in good faith that it created the design on its own, was unaware of Plaintiff, or accidentally listed a similar design.

17. Authentic KARRIE LOCHER™ products are only available on Plaintiff's genuine website, https://karrielocher.com/.

18. In an effort to resolve this issue, on April 28, 2022, Plaintiff provided a notice of infringement to Etsy pursuant to Etsy's infringement policies and consistent with the Digital Millennium Copyright Act, 17 U.S.C. §512(c) ("DMCA") to request that Etsy simply remove the infringing listing.

19. In response, Defendant filed a counter-notice, "swear[ing] under penalty of perjury that [it has] a good faith belief that the material was removed or disabled by mistake or because of misidentification of the material" and "consent[ing] to the jurisdiction of Federal Court… for any judicial district in which Etsy is located…"

20. Upon information and belief, Etsy intends to permit reactivation of the Infringing Listing, unless Plaintiff initiates court action against Defendant, consistent with the provisions of the DMCA.

21.     As alleged above, based on Defendant's use of Plaintiff's KARRIE LOCHER™ Mark in connection with an identical copy of Plaintiff's Cool Mom Design, Defendant is fully aware of Plaintiff's brand, marks, and designs.

22.     Plaintiff is the owner of all right, title, and interest in the Cool Mom Design and the KARRIE LOCHER™ Mark.

23.     Defendant has no right, title, or interest in the Cool Mom Design or the KARRIE LOCHER™ Mark.

24.     Defendant's sale, advertisement, promotion, marketing, and/or distribution of the Infringing Listing is without authorization or consent from Plaintiff.

25.     Despite being on notice of Plaintiff's intellectual property, Defendant deliberately listed a design identical to Plaintiff's *using Plaintiff's name and trademark.*

26.     Despite being on notice of Plaintiff's assertions of breach as outlined in its Etsy notice of infringement, Defendant then swore to a good faith belief that material was removed or disabled by mistake or because of a misidentification of the material.

27.      Defendant's Infringing Listing and use of Plaintiff's KARRIE LOCHER™ Mark in connection with Plaintiff's Cool Mom Design is likely to mislead consumers into believing that Defendant's merchandise is produced by, affiliated with, or sponsored by Plaintiff. It is not.

28.     Defendant's infringement of Plaintiff's copyright and trademark has been a deliberate and calculated attempt to trade upon the popularity and original design of Plaintiff's "merch."

29.     By reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill, and the loss of sales and profits it would have realized but for Defendant's acts. Unless restrained and enjoined, Defendant will continue to engage in the acts complained of and irreparably damage Plaintiff. Plaintiff's remedy at law is not adequate to compensate Plaintiff for all the resulting injuries arising from Defendant's actions.

## FIRST CLAIM FOR RELIEF

**(KARRIE LOCHER™ Mark - Federal Unfair Competition, Infringement of Unregistered Trademark, and False Designation of Origin in Violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

4

30.     Plaintiff realleges and incorporates by reference paragraphs 1 through 29 of this Complaint.

31.     The relevant consuming public associates Plaintiff's KARRIE LOCHER™ Mark with Plaintiff.

32.     Defendant's unauthorized use of Plaintiff's KARRIE LOCHER™ Mark in connection with clothing is a false and misleading designation of origin and a false and misleading representation of facts, under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33.     Defendant's unauthorized use of Plaintiff's KARRIE LOCHER™ Mark is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between Plaintiff and Defendant, and/or as to Plaintiff's sponsorship or approval of Defendant's goods, services and/or commercial activities.

34.     Defendant's unauthorized use of Plaintiff's KARRIE LOCHER™ Mark has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Plaintiff's KARRIE LOCHER™ Mark and brand.

35.     Upon information and belief, Defendant's conduct has been undertaken knowingly, willfully and in bad faith.

36.     As a result of Defendant's infringement, Plaintiff is entitled to injunctive relief and is also entitled to recover Defendant's profits, Plaintiff's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

## SECOND CLAIM FOR RELIEF

**(Cool Mom Design - Federal Unfair Competition, Infringement of Unregistered Trademark, and False Designation of Origin in Violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

37.     Plaintiff realleges and incorporates by reference paragraphs 1 through 29 of this Complaint

38.     The relevant consuming public associates Plaintiff's Cool Mom Design exclusively

with Plaintiff and recognizes the Cool Mom Design as an indication of source for Plaintiff.

39.     Defendant's unauthorized use of Plaintiff's Cool Mom Design in connection with clothing is a false and misleading designation of origin, a false and misleading representation of facts, and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40.     Defendant's unauthorized use of Plaintiff's Cool Mom Design is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between Plaintiff and Defendant, and/or as to Plaintiff's sponsorship or approval of Defendant's goods, services and/or commercial activities.

41.     Defendant's unauthorized use of Plaintiff's Cool Mom Design has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Plaintiff's Cool Mom Design and brand.

42.     Upon information and belief, Defendant's conduct has been undertaken knowingly, willfully and in bad faith.

43.     As a result of Defendant's infringement, Plaintiff is entitled to injunctive relief and is also entitled to recover Defendant's profits, Plaintiff's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

### THIRD CLAIM FOR RELIEF

### (Federal Copyright Infringement in Violation of 17 U.S.C. § 501)

44.     Plaintiff realleges and incorporates by reference paragraphs 1 through 29 of this Complaint

45.     Defendant has infringed Plaintiff's copyright in the Cool Mom Design through Defendant's reproduction, preparation of derivative works, public display, and/or distribution of copies of the Cool Mom Design in the Infringing Listing.

46.     Defendant's infringement of Plaintiff's Cool Mom Design is willful.  In creating the Infringing Listing, Defendant had access to Plaintiff's apparel through Plaintiff's website and

social media accounts.  Defendant's Infringing Listing is identical and/or substantially similar to Plaintiff's Cool Mom Design.

47.     Defendant's use of Plaintiff's KARRIE LOCHER™ Mark in the Infringing Listing demonstrates Defendant's knowledge of Plaintiff, and access to and copying of Plaintiff's original Cool Mom Design, as well as Defendant's willful infringement.

48.     Plaintiff has been damaged by Defendant's willful infringement in an amount to be determined at trial.

49.     Defendant has been unjustly enriched by the receipt of profits on its sale of products shown in the Infringing Listing in an amount to be determined at trial.

50.     As a direct result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, irreparable harm, including, but not limited to, harm to its business reputation and goodwill.

51.     Defendant is likely to engage in sales at the Infringing Listing unless immediately restrained and enjoined. Plaintiff's remedy at law is not by itself adequate to compensate it for the harm inflicted by Defendant.

### FOURTH CLAIM FOR RELIEF

**(Knowingly Filing a False Claim in a D.M.C.A. Counter-Notice in Violation of 17 U.S.C. § 512(f))**

52.     Plaintiff realleges and incorporates by reference paragraphs 1 through 29 of this Complaint.

53.     Defendant filed a counter-notice, "swear[ing] under penalty of perjury that [it has] a good faith belief that the material was removed or disabled by mistake or because of misidentification of the material."

54.     Defendant had knowledge of both Plaintiff's KARRIE LOCHER™ Mark and Cool Mom Design, and that the Infringing Listing was a direct copy thereof. Defendant could not and did not have a good faith belief that the material was misidentified or removed by mistake.

55.     Thus, Defendant is liable for knowingly making false claims in a DMCA counter-

notice pursuant to 17 U.S.C. § 512(f), and Plaintiff is entitled to additional damages, including court costs and attorneys' fees.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

56.     Plaintiff realleges and incorporates by reference paragraphs 1 through 29 of this Complaint.

57.     Defendant's unauthorized use and imitation of Plaintiff's KARRIE LOCHER™ Mark and Cool Mom Design in connection with clothing constitutes infringement, passing off, copying, imitation, and misappropriation of Plaintiff's intellectual property, unjust enrichment of Defendant, and unfair competition with Plaintiff in violation of Plaintiff's rights under the common law of the State of Missouri and other states of the United States.

58.     Defendant's willful acts of misrepresentation, fraud, and deceit have unjustly enriched Defendant by exploiting Plaintiff's reputation in the market, caused harm to Plaintiff, and violated Plaintiff's rights.

59.     Defendant's unauthorized use of Plaintiff's KARRIE LOCHER™ Mark and Cool Mom Design is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between Plaintiff and Defendant, and/or as to Plaintiff's sponsorship or approval of Defendant's goods, services and/or commercial activities.

60.     Defendant's unauthorized use of Plaintiff's KARRIE LOCHER™ Mark and Cool Mom Design has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Plaintiff's KARRIE LOCHER™ Mark and Cool Mom Design and brand.

61.     Upon information and belief, Defendant's conduct has been undertaken knowingly, willfully and in bad faith.

62.     As a result of Defendant's conduct, Plaintiff is entitled to injunctive relief and is also entitled to recover Defendant's profits, Plaintiff's non-duplicative actual damages, enhanced damages, punitive damages, and costs and reasonable attorneys' fees.

## SIXTH CLAIM FOR RELIEF

### (Unfair Trade Practices under Mo. Rev. Stat. § 407.020)

63.     Plaintiff realleges and incorporates by reference paragraphs 1 through 29 of this Complaint.

64.     Defendant's unauthorized use of Plaintiff's KARRIE LOCHER™ Mark and Cool Mom Design constitutes a violation of Mo. Rev. Stat. § 407.020.

65.     Defendant's unauthorized use of Plaintiff's KARRIE LOCHER™ Mark and Cool Mom Design is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between Plaintiff and Defendant, and/or as to Plaintiff's sponsorship or approval of Defendant's goods, services and/or commercial activities.

66.     Defendant's unauthorized use of Plaintiff's KARRIE LOCHER™ Mark and Cool Mom Design has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Plaintiff's KARRIE LOCHER™ Mark and Cool Mom Design and brand.

67.     Upon information and belief, Defendant's conduct has been undertaken knowingly, willfully and in bad faith.

68.     As a result of Defendant's conduct, Plaintiff is entitled to injunctive relief and is also entitled to recover actual damages, enhanced damages, punitive damages, and costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Karrie Locher, LLC respectfully prays for judgment against Defendant Tuan Linh Le as follows:

1.     Judgment that Defendant has:

   a.     Infringed and/or willfully infringed Plaintiff's KARRIE LOCHER™ Mark in violation of § 1125(a) of Title 15 in the United States Code;

   b.     Infringed and/or willfully engaged in unfair competition and/or used false designations of origin in violation of § 1125(a) of Title 15 in the United

States Code;

c.    Infringed and/or willfully infringed Plaintiff's KARRIE LOCHER™ Mark and engaged in unfair competition in violation of the common law of Missouri;

d.    Infringed and/or willfully committed unfair trade practices in violation of Mo. Rev. Stat. § 407.020; and

e.    Infringed and/or willfully infringed Plaintiff's Cool Mom Design in violation of § 501 of Title 17 in the United States Code;

f.    Knowingly filed a false claim in a D.M.C.A. counter-notice in violation of § 512(f) of Title 17 in the United States Code.

2.    An injunction prohibiting Defendant and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from continuing infringement, false designation of origin, and unfair competition in connection with Plaintiff's KARRIE LOCHER™ Mark and Cool Mom Design, including at least from selling, offering to sell, distributing or advertising goods and/or services using Plaintiff's KARRIE LOCHER™ Mark and/or Cool Mom Design and/or colorable imitations thereof;

3.    An injunction prohibiting Defendant and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from continuing copyright infringement in connection with Plaintiff's Cool Mom Design, including at least from selling, offering to sell, distributing or advertising goods and/or services using Plaintiff's Cool Mom Design and/or colorable imitations thereof;

4.    An order directing the destruction of all advertising materials related to goods and/or services marketed by Defendant using Plaintiff's KARRIE LOCHER™ Mark and Cool Mom Design, including on the Internet;

5.    An award of Defendant's non-duplicative profits, Plaintiff's actual damages, enhanced profits and damages, punitive damages, and costs and reasonable attorneys' fees for Defendant's trademark infringements, copyright infringements, and acts of unfair competition and unfair business practices; and

6.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

7.      Plaintiff hereby demands a trial by jury.

DATED:  May 13, 2022                    **BRYAN CAVE LEIGHTON PAISNER LLP**

                                        *Ellen E. Whitehorn*

                        By:     _____
                                Ellen E. Whitehorn, 71226MO
                                Matthew G. Minder, 71226MO
                                ellen.whitehorn@bclplaw.com
                                One Metropolitan Square
                                211 North Broadway, Suite 3600
                                St. Louis, Missouri 63102
                                Tel: (314) 259-2000
                                Fax: (314) 259-2020

                                **ATTORNEYS FOR PLAINTIFF
                                KARRIE LOCHER, LLC**

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Missouri

Karrie Locher, LLC

)
)
)

*Plaintiff*

)
)

v.
Tuan Linh Le

)
)

Civil Action No.

)

*Defendant*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Tuan Linh Le
3165 E49th Ave.
Vancouver, British Columbia
V5S IL2 Canada

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Ellen E. Whitehorn
211 N. Broadway
Suite 3600
St. Louis, MO 63102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____05/13/2022_____     _____
                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                    .

    ❏ I personally served the summons on the individual at *(place)*

                                                             on *(date)*                    ; or

    ❏ I left the summons at the individual's residence or usual place of abode with *(name)*

                                    , a person of suitable age and discretion who resides there,

    on *(date)*                    , and mailed a copy to the individual's last known address; or

    ❏ I served the summons on *(name of individual)*                    , who is

    designated by law to accept service of process on behalf of *(name of organization)*

                                             on *(date)*                    ; or

    ❏ I returned the summons unexecuted because                    ; or

    ❏ Other *(specify):*

    My fees are $                for travel and $                for services, for a total of $        0.00        .

    I declare under penalty of perjury that this information is true.

Date:

                                                  *Server's signature*

                                                *Printed name and title*

                                                  *Server's address*

Additional information regarding attempted service, etc: